IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LARRY BRADFORD,                                  Civil No. 09-6062-CL

    Plaintiff,                                **REPORT & RECOMMENDATION**

    v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Commission,

    Defendant.

CLARKE, Magistrate Judge.

    Plaintiff Larry Bradford seeks judicial review of the Commissioner's decision denying his application for disability insurance benefits. Defendant moves to dismiss the complaint based on Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, respectively. (Def.'s Mot. to Dismiss 1.) For the reasons set forth below, Defendant's motion (#16) should be denied.

I.    **Background**

    Plaintiff filed for social security disability benefits on June 13, 2006. (Decl. of Joan Devera, Ex. 1, 1.) An Administrative Law Judge ("ALJ") issued his final decision denying his application on May 29, 2008. (Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") 1.)

Report & Recommendation    1

Plaintiff requested review by the Appeals Council, which was denied on December 19, 2008. (Def.'s Mem. 2.) Plaintiff was sent notice of this final decision and an explanation of his right to appeal the decision on this date. The presumptive receipt of this notice was December 23, 2009. Plaintiff's former attorney Robin Ali received the notice on January 6, 2009, as the date stamp indicates. (Pl.'s Resp. to Mot. to Dismiss, Ex. 1.) At that time, Plaintiff was not represented by Ms. Ali or any counsel and asserts that he did not receive notice until after January 6, 2009 from Ms. Ali. (Pl.'s Resp. to Mot. to Dismiss ("Pl.'s Resp.") 2.)

## II.   Legal Standards

"Federal courts are courts of limited jurisdiction." Assoc. of Am. Med. Colleges v. United States, 217 F.3d 770, 778-779 (9th Cir .2000) (citation omitted). Courts presume that a case "lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id.

A motion to dismiss on jurisdictional grounds can be "either facial or factual," White v. Lee, 227 F.3d 1214, 1242 (9th Cir.2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air v. Meyer, 373 F.3d 1035, 1039 (9th Cir.2004). In a factual challenge, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. It also need not presume the truthfulness of the [plaintiff's] allegations." White, 227 F.3d at 1242 (citations omitte). Under either form of attack, "jurisdictional dismissals are warranted where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." Safe Air, 373 F.3d at 1039.

Report & Recommendation    2

### III.  To Obtain Judicial Review, a Claimant Must File a Civil Action Within 60 days of Receipt of Notice

Federal courts do not have general federal question jurisdiction in an action challenging a denial of Social Security disability benefits. Weinberger v. Salfi, 422 U.S. 749, 757-758, (1975) (construing 42 U.S.C. § 405(h)). Rather, judicial review of claims arising under Title II of the Social Security Act is authorized and limited by 42 U.S.C. § 405(g) Id. Under 42 U.S.C. § 405(g), an individual who has been denied Social Security disability benefits may seek judicial review of "any final decision ... made after a hearing to which he was a party." 42 U.S.C. § 405(g).

Claimants must conform with specific procedures to obtain review. Specifically,

> Any civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon showing of good cause. For purposes of this section, the date of receipt . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

The claimant's representative is also sent notice. "A notice or request sent to your representative, will have the same force and effect as if it had been sent to you." 20 C.F.R. § 404.1715. "[N]otice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period." Bess v. Barnhart, 337 F.3d 988, 990 (8th Cir. 2003) (Sixty day period was triggered when attorney received notice in December 1999 even though Plaintiff did not receive notice until April 2001, because of his own his failure to update his address with the SSA.). Receipt of the notice is presumptive five days after the mailing

Report & Recommendation   3

"unless there is a *reasonable showing* to the contrary." 20 C.F.R. § 422.210(c) (emphasis added).

Accordingly, a plaintiff who fails to file a suit within sixty days of receiving the notice, or within his attorney receiving the notice, loses his right to seek review, whether that receipt is the presumptive five days after mailing or as reasonably shown. Once the time period runs, the court no longer has jurisdiction to hear the claim.

### IV.     Plaintiff Filed His Claim Within 60 Days of Receipt

Defendant argues that Plaintiff is presumed to have received notice on December 23, 2008, applying the presumptive receipt rule of five days after mailing. Using this date, Defendant argues that Plaintiff had only until February 23, 2009, to file his claim. Plaintiff contends that the date of receipt is not December 23, 2008, but January 6, 2009, as his former attorney Robin Ali's date stamped notice indicates.

Plaintiff may make a "reasonable showing" of receipt, "to the contrary" of the presumptive five days, 20 C.F.R. § 422.210(c), and Plaintiff has done so. Plaintiff gives at least three reasons why the receipt date should be January 6, 2009, and not the presumptive five day receipt of December 23, 2008. Referencing the date mailing on December 19, 2008, Plaintiff explains:

> First, this period of time is arguably the busiest time of the year for the U.S. Postal Service due to the holiday mailing. Second this period of year often experiences mail delays because of closed offices for the holiday season. Third, Plaintiff had no way of knowing the mailing was issued prior to five days before it was received by his former attorney on January 6, 2009.

(Pl.'s Resp. 4.) Plaintiff asserts that it "was reasonable and prudent in relying upon the receipt date marked on the notice, because it was the actual date of receipt by his former counsel. Plaintiff did file his complaint within sixty days receipt of the notice of the Appeals Council."

Report & Recommendation    4

The court agrees. Plaintiff has shown that receipt of notice was not the presumptive five days from mailing but was January 6, 2009. Because Plaintiff asserts that he received notice only after his attorney received it, the attorney's date of notice triggers the sixty day period. (Pl.'s Resp. 2-3.) 20 C.F.R. § 404.1715; Bess, 337 F.3d at 990. Plaintiff had until March 6, 2009, to file his claim.

## V.   Conclusion

The court recommends that Defendant's motion to dismiss for lack of jurisdiction and for failure to state a claim be denied. Plaintiff has reasonably shown that he received the notice on January 6, 2009. Plaintiff filed his civil action on March 6, 2009, which is within the sixty day limitation period. The court has subject matter jurisdiction, and Plaintiff has pled facts on which to state a claim.

## VI.   Recommendation

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due by October 22, 2009. If objections are filed, any responses to the objections are due within 10 days, see Federal Rules of Civil Procedure 72 and 6. If no objections are filed, then the Report and Recommendation will go under advisement on that date.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will

constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _____ day of October, 2009.

_____
MARK D. CLARKE

United States Magistrate Judge