FILED'11 MAR 29 9:29USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LARRY BRADFORD,

                        Plaintiff,

        v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

                       Defendant.

Case Number 09-6062-CL

**ORDER**

PANNER, District Judge

This matter comes before the Court on motion by plaintiff's counsel (#47) for prevailing party fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

### BACKGROUND

On March 6, 2009, plaintiff filed a Complaint (#2) in this court in which he sought judicial review of a final decision of the Commissioner of the Social Security Commission denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act. On January 26, 2011, this court adopted (#45) the Findings and Recommendation of Magistrate Judge Clarke and entered judgment (#46) reversing the Commissioner's decision and remanding the case for further proceedings.

Page 1 - ORDER

## LEGAL STANDARDS

A prevailing party in an action against the United States is entitled to an award of attorney fees and costs under the EAJA unless the government's demonstrates that its position in the litigation was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An applicant for disability benefits prevails against the United States if the denial of benefits is reversed and remanded for rehearing pursuant sentence four of 42 U.S.C. § 405(g), regardless of whether benefits are ultimately awarded. Shalala v. Schaefer, 509 U.S. 292, 300-01, 113 S.Ct. 2625 (1993). An EAJA fee award must be reasonable. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. *See* Commissioner, INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316 (1990); Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).

## DISCUSSION

The parties do not dispute that plaintiff was the prevailing party. Plaintiff's counsel alleges he spent 50.4 hours of work on plaintiff's case, and asserts that the average hourly rate for EAJA fees is $172.85. The parties have stipulated (#48) to an attorney fee award in the amount of $7,400. The court finds that the stipulated attorney fee is reasonable. Therefore,

IT IS ORDERED that plaintiff's motion for attorney fees (#47) is GRANTED, and plaintiff is awarded the attorney's fees under the EAJA in the amount of $7,400 pursuant to the stipulation (#48).

PAYMENT shall be made payable to plaintiff and delivered to plaintiff's counsel, unless plaintiff does not owe a federal debt. Astrue v. Ratliff, -- U.S. --, 130 S.Ct. 2521 (2010). If the

Page 2 - ORDER

United States Department of the Treasury determines that plaintiff does not owe a federal debt,

and plaintiff provides an assignment of his right to an EAJA award to his counsel, the

government shall accept plaintiff's assignment of EAJA attorneys' fees and make the award

directly payable to plaintiff's counsel.

IT IS SO ORDERED.

DATED this **29** day of March, 2011.

OWEN M. PANNER
United States District Judge